IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TAMMY BIVINS, o/b/o N.B., | * | |
| Claimant, | * | |
| v. | * | CASE NO. 5:11-CV-51 MSH |
| MICHAEL J. ASTRUE, Commissioner Of Social Security, | * | Social Security Appeal |
| | * | |
| Respondent. | | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations.  Plaintiff contends that the Commissioner's decision was in error and seeks review on behalf of Claimant under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.  Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

---

1 The Court will refer to Tammy Bivins as the Plaintiff and to the minor child, N.B., as Claimant.

Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

> functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). Therefore, eligibility depends upon the presence of "marked and severe functional limitations." A sequential evaluation process is used to determine if the child meets the statutory definition of disability. 20 C.F.R. § 416.924, *et seq.* Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied. Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked

3

limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.*  An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(I).

A similar three-step process is used to evaluate whether a child claimant has experienced medical improvement such that he is no longer entitled to receive benefits. "[I]f [a claimant is] entitled to disability benefits as a disabled child, [his] continued entitlement to such benefits must be reviewed periodically."  20 C.F.R. § 416.994a. Section 416.994a, which regulates supplemental security income applications, provides the factors which must be considered in order to effect a valid cessation of Claimant's benefits.  First, the ALJ must ascertain whether there has been any medical improvement by the Claimant.  20 C.F.R. § 416.994a(1).  If Claimant's disability has not medically improved, the ALJ must consider the exceptions[2] to any medical improvement and whether one or more of these exceptions applies. *Id.*  Where no medical improvement is found, the Plaintiff's benefits would continue. *Id.*  If medical improvement as defined in 20 C.F.R. § 416.994a(c) exists, the ALJ moves to step two and determines whether Claimant's impairment "meets or medically or functionally equals the severity of the listing it met or equaled [before]."  20 C.F.R. § 416.994a(a)(1).  If so, the ALJ must find Claimant still disabled unless one of the exceptions exists.  If not, the ALJ moves to the

---

[2]The exceptions are found in 20 C.F.R. § 416.994a(e)-(f).

final step and determines whether Claimant is currently disabled under 20 C.F.R. § 416.924(c) and (d).  20 C.F.R. § 416.994a(b)(3).

## ISSUES

I. **Did the ALJ err in failing to give controlling weight to the opinions of Claimant's treating psychiatrist?**

II. **Did the ALJ err in failing to give proper weight to the evidence from Claimant's Jones County school records?**

## Administrative Proceedings

Plaintiff protectively filed Claimant's application for Supplemental Security Income (SSI) benefits on February 8, 2008. (Pl.'s Br. in Supp. of Comp. 1, ECF No. 14.) Claimant alleges a disability onset date of July 14, 2004. (Tr. 10, ECF No. 11-2.)  In his application, "ADHD, slow learner, and speech delays" were listed as Claimant's disabling impairments.  (Tr. 130.)  His application was denied initially and upon reconsideration.  After an administrative hearing, the ALJ found Claimant not disabled in a decision dated January 9, 2010.  (Tr. 10-29.)  The Appeals Council thereafter denied Claimant's request for review.  (Tr. 1-3.)  This appeal followed.

## Statement of Facts and Evidence

Following the hearing in this case, the ALJ concluded that Claimant had the severe impairments of ADHD, learning disorder, speech delay and mild strabismus, but that none of these impairments, nor any combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13.)  The ALJ next found that with regard to the six areas of functional equivalence, Claimant had no limitations in acquiring and using information nor in health/physical well-being and less

than marked limitation in the areas of attending and completing tasks, interacting/relating with others, moving and manipulating objects, and the ability to care for himself. Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 32.)

## DISCUSSION

I. **Whether the ALJ erred in failing to give controlling weight to the opinions of Claimant's treating psychiatrist.**

Plaintiff first argues that the ALJ erred in not giving controlling weight to the medical opinions of Claimant's psychiatrist, Dr. Hale. (Pl.'s Br. 3.) Specifically, she contends that the ALJ: erroneously found the psychiatrist's form opinion to be unsigned; "initiate[d] some verbal acrobatics to discover internal inconsistencies" in the psychiatrist's statement; and failed to cite to specific examples of inconsistencies between Dr. Hale's opinions and the overall evidence of record. (Pl.'s Br. 5, ECF No. 14.)

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. It is well settled that the opinion of a treating physician is entitled to substantial weight unless "good cause" exists for not heeding it. *Phillips v. Barnhart*, 357 F. 3d 1232, 1241 (11th Cir. 2004). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it

is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

Even if a medical opinion is not entitled to controlling weight, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. §

404.1502.  As stated above, if controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion. 20 C.F.R. § 404.1527(d)(2).  Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.  *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

In this case, the ALJ did not give controlling weight to the opinion of Dr. Hale, Claimant's treating psychiatrist, who completed a "Medical Statement Regarding Attention Deficit Hyperactivity Disorder for Child from Age 3 to 18 for Social Security Disability Claim."[2]  (Tr. 299-300.)  Although the ALJ noted that there were "authentication problems" with the Statement, he reviewed the Statement and incorporated its contents into his analysis. (Tr. 17.)  After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinion of Dr. Hale and that his reasons constitute good cause.  The ALJ based the decision on the evidence of record, including Claimant's treatment notes and the Medical Statement of Dr. Hale, which he found to be inconsistent and conclusory.  (Tr. 18.)  The ALJ's decision is further based on his findings regarding the Claimant's functioning in the areas of: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for

---

2  The copy of the Medical Statement in the record is missing a page.  The Plaintiff attached a complete copy of the Statement to her brief in this matter.

yourself; and 6) health and physical well-being, as is required in 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

In this case, the ALJ stated specific reasons for not giving Dr. Hale's opinion controlling weight, thereby complying with the Regulations, as found at 20 C.F.R. § 416.927(d)(2)-(6). Upon review of the entire record, the Court finds that the ALJ committed no error in weighing or discounting the opinions of the various medical sources, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

## II. Whether the ALJ erred in failing to give proper weight to the evidence from Claimant's Jones County school records.

Plaintiff next argues that the ALJ erred in failing to give appropriate weight to the evidence submitted in Claimant's records from the Jones County School System. (Pl.'s Br. 6.) Specifically, Plaintiff argues that the ALJ failed "to provide any linkage between his recitation of factors and his invariable conclusion that this [Claimant] has less than marked restrictions in just about every domain of functioning." (*Id.* at 7.)

At step three of the sequential analysis, as noted above, where the ALJ determines that a child claimant's severe impairments or combination of impairments do not meet or equal a listing, he will decide whether the impairment(s) results in limitations that functionally equal the listings. 20 C.F.R. § 416.926a. The Regulation further states that the ALJ will:

> assess the functional limitations caused by your impairment(s); i.e., what you cannot do, have difficulty doing, need help doing, or are restricted from doing because of your impairment(s). When we make a finding regarding functional equivalence, we will assess the interactive and cumulative

9

> effects of all of the impairments for which we have evidence, including any impairments you have that are not "severe." (See § 416.924(c).) When we assess your functional limitations, we will consider all the relevant factors in §§ 416.924a, 416.924b, and 416.929 including, but not limited to:
> (1) How well you can initiate and sustain activities, how much extra help you need, and the effects of structured or supportive settings (see § 416.924a(b)(5));
> (2) How you function in school (see § 416.924a(b)(7)); and
> (3) The effects of your medications or other treatment (see § 6.924a(b)(9)).

*Id.* Persuasive authority within this Circuit indicates that "the regulations with respect to childhood disability require particularly meticulous review of all of the evidence of record and a particularly clear explanation as to the ALJ's reasons for each finding, due to the requirement of specific findings in each domain." *Perez-Rosario ex rel. A.G.J. v. Commissioner*, 2008 WL 1776569, at * 5 (M.D. Fla. April 17, 2008). The ALJ must fully consider and properly assess both medical and school records, providing specific citations to each within each of the functional domains. *Tejera ex rel. G.J. v. Astrue*, 2008 WL 786324 (M.D. Fla. Mar. 21, 2008).

In this case, the record reveals that the ALJ made reference to all the evidence he considered in making his functional equivalence determinations as to each of the six domains of functioning. He then cited the portions of the record he found relevant in making those determinations. (Tr. 19-28.) Plaintiff's claims that the ALJ "has failed to make any reviewable conclusions of law" must fail. It is apparent from his findings what he considered when making his determinations.

Even though Plaintiff is correct in her assertion that the ALJ's findings erroneously referred to a statement (Tr. 22, 24) that can be found nowhere in the exhibit to which he cited, that mistake does not constitute reversible error. Considering the

totality of the medical evidence, the ALJ's erroneous reference to a statement that Claimant played well with other children and could follow a routine is harmless in this case. A remand to have the ALJ perfect the record as to this statement would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Therefore, no error is found as to this issue.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

THIS the 22nd day of November, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE